UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                                               Plaintiff,

v.                                                                  Criminal Action No. 3:18-CR-99-DJH-1

CASEY COOPER,                                                                                           Defendant.

\* \* \* \* \*

## ORDER FOLLOWING ARRAIGNMENT

This case was called in open court on August 21, 2018, for the purposes of arraignment. The defendant, Casey Cooper, was present, in custody, and with Scott T. Wendelsdorf, on behalf of Patrick J. Bouldin, Assistant Federal Public Defender.  Assistant United States Attorney A. Spencer McKiness was present for the United States of America.  The proceeding was digitally recorded.

As to the matter of arraignment, Defendant, by counsel, acknowledged his identity.  He further acknowledged having been furnished a copy of the Indictment and advised of the nature of the charge contained therein.

Counsel, on behalf of Defendant, waived formal reading of the Indictment and entered a plea of **NOT GUILTY** to the charges contained therein.  Accordingly, it is hereby

**ORDERED** as follows:

(1)     This matter is assigned for **trial by jury at Louisville, Kentucky, on October 22, 2018 at 9:30 a.m.**, before the Honorable David J. Hale, United States District Judge.  Counsel shall be in court thirty minutes before trial.  The expected length of trial is three (3).

1

(2) Pretrial discovery and inspection.

(a) **No later than August 28, 2018**, the Assistant United States Attorney and defense counsel shall confer and, upon request, permit inspection and copying or photographing of all matter subject to disclosure under Federal Rule of Criminal Procedure 16.

(b) If additional discovery or inspection is sought, Defendant's attorney shall confer with the Assistant United States Attorney with a view to satisfying these requests in a cooperative atmosphere without recourse to the Court. The request may be oral or written, and the Assistant United States Attorney shall respond in like manner.

    (i) Jencks Act material. Jencks Act material pursuant to 18 U.S.C. § 3500 is not required to be furnished to Defendant by the United States prior to trial.

    (ii) *Brady* (*Giglio*) material. The United States shall disclose any *Brady* material of which it has knowledge in the following manner:

        (A) pretrial disclosure of any *Brady* material discoverable under Rule 16(a)(1);

        (B) disclosure of all other *Brady* material in time for effective use at trial.

If the United States has knowledge of *Brady* evidence and is unsure as to the nature of the evidence and the proper time for disclosure, then it may request an *in camera* hearing for the purpose of resolving this issue; failure to disclose *Brady* material at a time when it can be effectively used at trial may result in a recess or a continuance so that Defendant may properly utilize such evidence.

        (C) Rule 404(b) evidence. Upon service of a request from Defendant for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide notice **within fourteen (14) days of trial** of the general nature of any such evidence it intends to introduce at trial unless the Court excuses pretrial notice upon motion by the United States showing good cause.

**Any motion for additional discovery or inspection** shall be made **on or before September 4, 2018**, after compliance by the parties with Federal Rule of Criminal Procedure 16.

Any such motion shall contain a certification from counsel that informal, extrajudicial efforts to resolve the discovery dispute have taken place and been unsuccessful.

(c) If required to be disclosed pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) or 16(b)(1)(C), **any expert testimony** the United States or Defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief, including a summary of the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications, shall be disclosed **on or before September 10, 2018**.

Any expert testimony either the United States or Defendant intends to use to rebut an expert under Rule 702, 703, or 705 of the Federal Rules of Evidence shall be disclosed **on or before September 17, 2018**.

(d) The parties are reminded of the continuing duty under Federal Rule of Criminal Procedure 16(c) to disclose additional discoverable evidence or material previously requested or ordered.

(3) **All motions to suppress evidence** and any other motion requiring a pretrial hearing, including any motion to exclude the testimony of an expert witness pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed **no later than September 24, 2018**.

(4) **No later than October 1, 2018**, each party shall file a trial memorandum containing the following:

    (a) The statute(s) involved and elements of the offense(s) (with discussion of authorities, if disputed).

    (b) A statement of undisputed and disputed facts.

    (c) A separate statement of each unresolved substantive issue of law, with discussion and citations to authorities.

    (d)    A statement of evidentiary issues it is reasonably believed will be raised at trial, together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

    (e)    A statement of any known or reasonably anticipated potential trial problems, or other issues that may assist the Court in trying the case.

    (f)    Proposed substantive and special jury instructions with citations to authorities.  It is not necessary to submit standard general instructions.  Additional requests at trial are to be kept to a minimum.

    (g)    Proposed voir dire questions.

    (h)    Counsel shall file an exhibit list and premark for identification purposes all exhibits intended to be used at trial.  Counsel shall file a stipulation as to the authenticity of the exhibits.  Any objections to the authenticity of the exhibits shall be heard prior to trial at a time and place to be set by the Court.

    (i)    The United States shall submit, for the Court's *in camera* review, a proposed witness list with a brief summary of the expected testimony of each witness and an estimate as to the amount of time that will be required to present the testimony in chief of each witness.

    (j)    At the commencement of trial, the United States shall furnish the official court reporter a list of premarked exhibits intended to be used at trial.

    (k)    The United States shall retain possession of physical exhibits (e.g., weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

(5)    Any **motions in limine** shall be filed **on or before October 12, 2018**.  **Responses** shall be filed **on or before October 15, 2018**.  There shall be **no replies**.

(6)    All motions, responses, and replies made pursuant to this Order shall be accompanied by a memorandum and shall conform to and are subject to the requirements and time limitations contained in Local Criminal Rule 12.1, except as otherwise provided herein.

4

**ORDERED** that the defendant shall remain under the terms and conditions of his bond pending further order of the Court.

Date: August 22, 2018

ENTERED BY ORDER OF THE COURT:
COLIN H. LINDSAY
UNITED STATES MAGISTRATE JUDGE
VANESSA L. ARMSTRONG, CLERK
BY: /s/ *Kim Davis*, Deputy Clerk

Copies to:   Counsel of record
U.S. Probation
Natalie Thompson, Case Manager
Jury Administrator

0|5