**FILED**
VANESSA L. ARMSTRONG
JAN 2 4 2019
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                                                CRIMINAL NO. 3:18-CR-99-DJH

CASEY COOPER                                                                             DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by Russell M. Coleman, United States Attorney for the Western District of Kentucky, and defendant, Casey Cooper, and his attorney, Patrick Bouldin, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with violations of Title 18, United States Code, Section 922(a)(1)(A). Defendant further acknowledges that the Indictment in this case seeks forfeiture of any and all property involved in or used in the offense, including but not limited to the following:

   a. Romarm/Cugir, Rifle, Model SAR-1, 762 caliber, Serial Number S1-51629-200;

   b. Sig Sauer, Model P226 Elite, 9 millimeter, Serial Number 47A156914;

   c. Holster with loaded magazine for Sig Sauer;

   d. Double Star, Rifle, Model Star 15, 556 caliber, Serial Number DSS001056;

   e. Anderson Manufacturing, Rifle, Model AM-10, 308 caliber, Serial Number 140930;

   f. Anderson Manufacturing, Rifle, Model AM-15, Multi Caliber, Serial Number 15270339;

g. Molot, Rifle, Model VEPR, 762 caliber, Serial Number 15VTT0196;

h. Izhmash, Model Saiga, Rifle, 762 caliber, Serial Number 13418214;

i. HUNT GROUP INTERNATIONAL Arms and Security Co., Shotgun, 12 gauge, Model FRX, Serial Number 15H10083;

j. Spamer Wrench, Serial Number 4200518200714;

k. Sig Sauer, Model P220, 45 caliber Pistol, Serial Number G513879;

l. Glock, Model 27, 40 caliber pistol, Serial Number WUM834; and

m. Ammunition,

by reason of the offenses charged in Counts 1 and 2 of the Indictment.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1 and 2 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

On July 21, 2016, ATF Special Agent (SA) Volk received information from Kentucky Gun Company regarding multiple sales of Anderson Lower Receivers to COOPER on four occasions. COOPER purchased multiple Anderson Lower Receivers on April 28, 2016, April 30, 2016, May 6, 2016, and July 12, 2016. On this date and subsequent to receiving this information, SA Volk conducted a Federal Licensing System (FLS) check, and determined Cooper did not have a license to deal in firearms. Kentucky Gun Company issued an Unlicensed Dealing Notice to COOPER on July 12, 2016, after a bulk purchase of lower receivers.

2

On September 16, 2016, SA Ockerman reviewed COOPER's Facebook page and observed several photographs of firearms. One of Cooper's Facebook posts stated "Finally out of Facebook jail. Yet again got banned for 30 for legal sale of firearms. Facebook can kiss the broad side of my fat ass. Little do they know I have other profiles I have made to still sell my guns. Lol. One of them is on a 7day ban right now." Further review of Cooper's Facebook account revealed several conversations pertaining to firearms transactions and manufacturing between the dates of January 1, 2016, through January 11, 2017. Cooper stated that he sells Anderson lowers for sixty dollars each without advertising and buys one hundred of them at a time. On March 23, 2017, SA Ockerman conducted a second FLS check on Cooper, which came back negative.

On April 5, 2017, the ATF executed a search warrant at Cooper's residence in Marion County Kentucky, where he consented to an interview. During that interview, Cooper stated that he built firearms out of lower receivers he purchased from licensed gun dealers and charged an extra $40 and a 10% fee to cover his time and expenses. He constructed the firearms in his house. Cooper admitted to using Facebook to broker gun deals. He also admitted to purchasing dozens of lower receivers. He told the interviewers that he considered getting his FFL but decided not to because of the cost. Cooper also stated that when he was stopped by the ATF that he instantly thought it was for unlicensed dealing of firearms. He acknowledged that he signed two warning letters for unlicensed dealing when he made bulk purchases of lower receivers and completed guns from Kentucky Gun Company. Cooper believed his most recent firearms purchase was on March 8, 2017, where he purchased 3 lower receiver and built rifles that he sold to three different people.

3

4. Defendant understands that the charges to which he will plead guilty carry a combined maximum term of imprisonment of 10 years, a combined maximum fine of $500,000, and a 3 year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit any and all property involved in or used in the offense, including but not limited to the following:

  a. Romarm/Cugir, Rifle, Model SAR-1, 762 caliber, Serial Number S1-51629-200;

  b. Sig Sauer, Model P226 Elite, 9 millimeter, Serial Number 47A156914;

  c. Holster with loaded magazine for Sig Sauer;

  d. Double Star, Rifle, Model Star 15, 556 caliber, Serial Number DSS001056;

  e. Anderson Manufacturing, Rifle, Model AM-10, 308 caliber, Serial Number 140930;

  f. Anderson Manufacturing, Rifle, Model AM-15, Multi Caliber, Serial Number 15270339;

  g. Molot, Rifle, Model VEPR, 762 caliber, Serial Number 15VTT0196;

  h. Izhmash, Model Saiga, Rifle, 762 caliber, Serial Number 13418214;

  i. HUNT GROUP INTERNATIONAL Arms and Security Co., Shotgun, 12 gauge, Model FRX, Serial Number 15H10083;

  j. Spamer Wrench, Serial Number 4200518200714;

  k. Sig Sauer, Model P220, 45 caliber Pistol, Serial Number G513879;

  l. Glock, Model 27, 40 caliber pistol, Serial Number WUM834; and

  m. Ammunition.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being

5

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

7. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

8. The defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $200 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States will

-recommend a sentence of imprisonment of 18 months.

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.[1]

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-stipulate that the quantity of guns sold was between 8-24.

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

6

-demand forfeiture of the items listed in paragraph 13.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows:

| | |
|---|---|
| 12 | 2K2.1(a)(7) – base offense level |
| +4 | 2K2.1(b)(1)(B) – between 8-24 firearms |
| +4 | 2K2.1(b)(5) – trafficking in firearms |
| 20 | Subtotal |
| -3 | 3E1.1(a) & (b) – acceptance of responsibility |
| 17 | Total offense level |

B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence

pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

13. Defendant agrees to the forfeiture of any interest he or his nominees may have in the following assets which he owns or over which he exercises control:

    a. Romarm/Cugir, Rifle, Model SAR-1, 762 caliber, Serial Number S1-51629-200;

    b. Sig Sauer, Model P226 Elite, 9 millimeter, Serial Number 47A156914;

    c. Holster with loaded magazine for Sig Sauer;

    d. Double Star, Rifle, Model Star 15, 556 caliber, Serial Number DSS001056;

    e. Anderson Manufacturing, Rifle, Model AM-10, 308 caliber, Serial Number 140930;

    f. Anderson Manufacturing, Rifle, Model AM-15, Multi Caliber, Serial Number 15270339;

    g. Molot, Rifle, Model VEPR, 762 caliber, Serial Number 15VTT0196;

    h. Izhmash, Model Saiga, Rifle, 762 caliber, Serial Number 13418214;

    i. HUNT GROUP INTERNATIONAL Arms and Security Co., Shotgun, 12 gauge, Model FRX, Serial Number 15H10083;

    j. Spamer Wrench, Serial Number 4200518200714;

    k. Sig Sauer, Model P220, 45 caliber Pistol, Serial Number G513879;

    l. Glock, Model 27, 40 caliber pistol, Serial Number WUM834; and

    m. Ammunition.

14. By this Agreement, defendant agrees to forfeit all interests in the properties listed in paragraph 13 above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to surrender of title, the signing of a consent decree, a stipulation of facts regarding the transfer and basis for the forfeitures and signing any other documents necessary to effectuate such transfers.

15. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

16. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

17. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

18. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

19. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

20. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

21. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

22. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

23. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____     1/24/19
A. Spencer McKiness                 Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____     1-24-19
Casey Cooper                        Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____     1/24/19
Patrick J. Bouldin                  Date
Counsel for Defendant

RMC:ASM:011419