UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                                            CRIMINAL NO. 3:18-CR-99-DJH

CASEY COOPER                                                    DEFENDANT

**UNITED STATES' SENTENCING MEMORANDUM**
*ELECTRONICALLY FILED*

      The United States of America, by counsel, Assistant United States Attorney A. Spencer McKiness, files its memorandum in support of sentencing in this action currently scheduled for May 15, 2019.

Statutory Sentencing Provisions

      A conviction for dealing and manufacturing firearms without a license carries no minimum term of imprisonment, and a combined maximum term of imprisonment of 20 years. Cooper faces a potential maximum fine of $500,000. The Court may impose supervised release for up to 3 years.

Guideline Calculations and Objection to PSR

      The United States has no objections to the guideline calculation of an offense level 15, as prepared by the United States Probation Office. (DN 25, PSR at para. 33).

Criminal History

      The United States concurs with the criminal history calculation prepared by the United States Probation Office of a Criminal History I. (DN 25 at para. 38).

Appropriate Sentence

The parties in the plea agreement calculated the offense level to be 17, and recommended a sentence of 18 months, which is the equivalent of a low-end guideline sentence for an offense level 15. The parties essentially agreed to a two-level downward variance/departure. Because the PSR calculated the offense level as a 15, the government believes the appropriate sentence would be 12 months, which is the equivalent of a low-end guideline sentence for an offense level 13, and represents a 2-level downward variance/departure as originally contemplated.

The United States is therefore asking for a sentence of 12 months, which is the low end of the guidelines for an offense level 13.

§ 3553(a) Factors

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). For the reasons that follow, the United States respectfully requests that the Court impose a sentence within the applicable Guideline range.

Title 18, United States Code, section 3553(a) guides the Court regarding factors to consider when imposing a sentence. That section directs courts to consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established for--

        (A)    the applicable category of offense co mmitted by the applicable category of defendant as set forth in the guidelines–

        . . .

    (5)    any pertinent policy statement--

        . . .

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)    the need to provide restitution to any victims of the offense.

Cooper stands convicted of dealing and manufacturing firearms without a license. The sentence imposed in this action should be sufficient to adequately promote respect for the law, provide just punishment for the offenses, deter further criminal conduct, and provide Cooper with needed correctional treatment. A sentence of 12 months meets these factors.

**A. The nature and circumstances of the offense and the history and characteristics of the defendant**

The nature and circumstances of Cooper's current offense is that he repeatedly sold, traded, and manufactured assault rifles to people, including strangers he met via the internet. While on Facebook, he repeatedly had his accounts shut down for selling firearms. He purchased firearms in bulk, built them out and sold them to anyone who could afford them. He never vetted these people and obviously did not conduct background checks on the many people to whom he sold firearms. The guns he produced could literally end up in anyone's hands.

**B. The need for the sentence promote respect for the law and provide adequate deterrence to criminal conduct.**

Although Cooper has no criminal history, he clearly had no respect for the law. Cooper was warned repeatedly by gun shops that dealing in firearms without a license was illegal, yet he persisted. Cooper knew his conduct was illegal, but he did not care. He manufactured and sold dozens of assault rifles and handguns. A sentence below 12 months would not serve to promote respect for the law nor deter Cooper and others like him from engaging in this type of criminal conduct. A sentence of 12

months would promote respect for the law and might deter future criminal conduct from Cooper and those like him.

## Conclusion

For the reasons set forth herein, the United States respectfully requests the Court to sentence Cooper to 12 months' imprisonment to be followed by a 3-year term of supervised release.

    Respectfully submitted,

    RUSSELL M. COLEMAN
    United States Attorney

    /s/ *A. Spencer McKiness*
    Assistant U.S. Attorney
    717 West Broadway
    Louisville, Kentucky 40202
    PH: (502) 582-6006
    FAX: (502) 582-5067

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for the defendant.

    /s/ *A. Spencer McKiness*
    Assistant U.S. Attorney